**WEIGHT WATCHERS OF PHILADEL-PHIA, INC., on behalf of itself and members of the class similarly situated, Plaintiff,**

v.

**WEIGHT WATCHERS INTERNATION-AL, INC., Defendant.**

**No. 71 C 1089.**

United States District Court, E. D. New York.

Dec. 6, 1971.

Hammond & Schreiber, New York City, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant.

MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The defendant, franchisor, moves for an order to engage in contract negotia-

tions, requested by franchisees, encompassing the subject matter of this action, provided that counsel for each franchisee shall be present, during all discussions, and counsel for plaintiff be given advance notice of such negotiations.

Prior to this motion, plaintiff, by order to show cause, moved for various items of relief. This application was heard before Hon. Mark A. Costantino, a Judge of this court. He restrained the defendant from future communications with any member or potential member of the class on whose behalf this action was commenced, as indicated in paragraph (1) of the relief sought by its order to show cause. The remaining relief sought by the plaintiff was reserved for determination by Hon. Walter Bruchhausen, a Judge of this court. An order to that effect was signed on October 1, 1971 by Judge Costantino.

This Court is fully familiar with Rule 23 of the Federal Rules of Civil Procedure which governs Class Actions, and the proposed Multidistrict Litigation, 49 F.R.D. 217.

The facts of this litigation were amply set forth in the Memorandum and Order of Judge Costantino, 53 F.R.D. 647, dated September 23, 1971 and filed September 27, 1971, and need not now be reiterated.

The defendant seeks court permission, under supervision, to negotiate with potential class plaintiff's dispositions of possible claims prior to entering into a franchise contract. The plaintiff objects thereto, citing numerous authorities in support of its position.

Its contention is untenable. The cases cited do not support its contention. They govern actual class members and any settlement must be approved by the Court, in that any such settlement will necessarily affect the other litigants.

Rule 23, supra, alludes to the protection of all class members. Simply stated, the Court is governed by the said rule to insure that all members of a class are fairly treated and that no one member be given any undue advantage over another. The order of Judge Costantino is not in conflict with this view because its primary objective was to prevent abuse by potential unauthorized communications with class or potential members. The said order, based on the suggested forms of Multidistrict Litigation concerning class actions, 49 F.R.D. 217, prohibits any further negotiations between defendant and franchisees, unless permitted by the Court to which this litigation is assigned. This Court is convinced that the contemplated negotiations will not create any potential for abuse because all parties, including the plaintiff and their respective counsel shall be present at these meetings. There shall be at least five (5) days' notice afforded to all sides and plaintiff's counsel shall be given full opportunity to express his views concerning the rights of the franchisees.

The additional relief sought by the plaintiff is a direction from this Court to defendant ordering retraction of letters of Albert Lippert, Chairman of the Board of the defendant, dated August 30, 1971, or of Jean Nidetch, President of the defendant's corporation, dated September 3, 1971.

It is unnecessary to restate the contents of those communications, except to state that the Court has read them and concludes that the language therein is not misleading to any franchisee and, therefore, no retraction is warranted. This conclusion makes plaintiff's requested relief (3) moot.

The defendant's motion is granted and that of the plaintiff is denied.